## In re HORIGAN SUPPLY CO. *

## HORIGAN REALTY CO. v. COOK.

(Circuit Court of Appeals, Eighth Circuit. December 5, 1924.)

No. 6616.

1. **Bankruptcy ⟨key⟩140(3)—To reclaim trust funds, they must be identified in trustee's hands.**

In order to claim funds in hands of trustee, it is not enough to show that funds went into bankrupt business, but they must be traced directly into money or property coming into trustee's hands.

2. **Bankruptcy ⟨key⟩340—Evidence that money was furnished bankrupt business held insufficient to identify it in trustee's hands.**

Evidence that funds of one corporation were used in business of another corporation having same officers *held* insufficient, on bankruptcy of latter, to charge funds in trustee's hands with a trust for benefit of other company.

3. **Bankruptcy ⟨key⟩340—No presumption against trustee from loss of documents.**

Where bankrupt's books of account were accidentally lost through no fault of the trustee, no presumption will be indulged against him concerning contents of books, in proceeding by creditor claiming certain funds furnished bankrupt business as trust funds.

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

In the matter of the Horigan Supply Company, bankrupt. The Horigan Realty Company claimed certain funds as trust funds in the hands of S. C. Cook, trustee, and from a decree of the District Court affirming the referee's disallowance of the preference, claimant appeals. Affirmed.

Kendall B. Randolph, of St. Joseph, Mo., (Lewis F. Randolph and John P. Randolph, both of St. Joseph, Mo., on the brief), for appellant.

Benjamin Phillip, of St. Joseph, Mo. (Culver, Phillip & Voorhees, of St. Joseph Mo., on the brief), for appellee.

Before STONE and KENYON, Circuit Judges, and KENNEDY, District Judge.

STONE, Circuit Judge. A claim was filed by the Horigan Realty Company,

*Rehearing denied February 5, 1925.

against the Horigan Supply Company, bankrupt. The claim was that funds of the Realty Company were, without consent of its directors or stockholders, improperly deposited with the funds of the bankrupt, used in the course of business of the bankrupt and went into the purchase of goods and supplies coming into the hands of the trustee from the bankrupt. The prayer of the claimant was that such diverted funds be regarded as trust funds in the hands of the trustee in bankruptcy and, as such, paid to it. The court affirmed the referee in the disallowance of this preference. From such decree of affirmance, the claimant brings this appeal.

Before this court, as before the referee and the trial court, two main issues are presented. They are (1) did a trust exist and (2) if a trust did exist, has the trust fund been traced into the hands of the trustee in bankruptcy. Without deciding concerning the existence of a trust, the referee placed his determination upon the ground that the funds of the claimant had not been traced, in kind or substituted form, into the possession of the trustee in bankruptcy. The trial court seems to have doubted the existence of a trust but bases his decision mainly upon the same ground as the referee.

It is not questioned that claimant had a valid claim against the estate for the amount alleged. The cleavage is as to the preferential character of the claim. The trustee contends it is an ordinary unsecured claim. The claimant contends the claim is entitled to absolute preference as being trust funds in the hands of the trustee.

The facts are that the Horigan Realty Company was a close corporation of the heirs of a Mrs. Alice Horigan. Two daughters and a son, J. J. Horigan, each held one fourth of the stock and the other one fourth was held jointly by Alice and Frank J. Flynn, children of a deceased daughter. The business of this company was to manage the real estate left by Mrs. Horigan. J. J. Horigan was president and J. J. Flynn, father of Alice and Frank J. Flynn, acted as secretary and treasurer, although it does not appear what, if any, his stockholdings were.

The Horigan Supply Company was a corporation dealing in heating and plumbing supplies. Its stockholders and officers were J. J. Flynn, president, J. J. Horigan, vice president and Frank Flynn, secretary; J. J. Flynn acted as general manager, Horigan as buyer and Frank J. Flynn as salesman.

The income of the Realty Company, from rentals and other sources, was paid to J. J. Flynn at the office of the Supply Company. For years, Flynn had placed portions of these payments in the funds and deposits of the Supply Company and used such in the ordinary course of business of that company. During the same time, he had borrowed, upon notes, large sums of money which were, also, put into that business and used in ordinary course. At the time of the bankruptcy, these loans totaled more than $250,000. Thus, for a series of years, money came into the business at various times and in various amounts from the three sources of sales, loans and Realty Company funds. This money, from whatever source received, went into a single bank account and was used, as occasion required, in meeting the various necessities of a rather extensive business. Among these uses were payment of notes and other debts, salaries, wages, business stock, etc. The only instance where specific funds of the Realty Company can be directly traced into any particular expenditure of the bankrupt is that, about fifteen months before adjudication, $8,000 of Realty Company money went into a draft to a bank in New York with which the Supply Company had long done business. Whether this draft was to pay indebtedness or to supply funds for business purchases is not clear. However, no funds from that bank ever came to the trustee in bankruptcy.

[1, 2] Accepting for the purposes of this opinion and decision, but not deciding that the funds in dispute are trust funds if proper identity thereof can be shown in possession of the trustee, we examine this matter of identity. That these funds went into the bankrupt business is not questioned, but that is not enough. Such funds must be traced directly into money or property coming into the hands of the trustee. That rule has long been fixed in this circuit by several decisions, among which are John Deere Plow Co. v. McDavid, 137 F. 802, 811, 70 C. C. A. 422; Zenor v. McFarlin, 238 F. 721, 151 C. C. A. 571; In re Blue Bird Appliance Co. (C. C. A.) 292 F. 127. It has recently been announced in Cunningham, Trustee v. Brown, 265 U. S. 1, 11, 44 S. Ct. 424, 68 L. Ed. 873. The proof here fails to trace these trust funds beyond entry, at various times and in various amounts, into the general business of the bankrupt. It shows no direct connection between such funds and the property coming to the trustee.

Another matter presented relates to the loss of certain account books of the bankrupt while they were in the control of the

trustee. Concerning this loss, the position of appellant is thus stated in its brief:

"All of these valuable papers of which the trustee in bankruptcy could not have been too careful, and which it was his duty to preserve, whether it furnished evidence for or against his contentions, was carried away by a junk dealer with other books and papers which were sold to the junk dealer, at least, that is the story told, and they claim that the junk dealer disposed of them in such a way that they were unable to recover them. They naturally contend that this was an *inadvertence,* and while we do not say that it was not *inadvertence,* as we leave it wholly to the court to say what this evidence discloses, and what interpretation should be put upon it, we do say however, that it was *extremely negligent,* and was a *most unusual thing* to lose the most *important* evidence in the case that was pending against them *at the time the evidence was lost,* and which evidence so disposed of would have covered the very points upon which they make their strongest contention. This occurred in the very early days of the possession of the trustee. We say that this circumstance should be strongly construed against them. The court should assume that those lost papers and records would corroborate the witnesses who testified that the money was used in the usual course of business and would show in detail just how the money or rather fund, which was made up of the money of the claimant and the money of the bankrupt commingled together, was used."

[3] We have read carefully all of the evidence concerning the disappearance of these books. The impression made by that evidence is that the loss was purely accidental and entirely without the knowledge, much less the consent, of the trustee. Under such circumstances, there is no presumption allowable concerning the contents of the books. We need not discuss how far, if at all, the rules concerning suppression or destruction of evidence, and the effect thereof, may or may not be applicable where such wrongful acts are committed by one who, as here, is a party to the litigation solely in a representative capacity. Even though such rules might apply, with full force, to such a party, yet, for such suppression or such destruction of evidentary documents to result in unfavorable presumptions, it must have been under circumstances revealing a purpose to prevent the use of such as evidence. Such purpose is entirely absent here.

The decree should be and is affirmed.